**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DASHAWN BRANTLEY,

    Petitioner,            Civil No. 2:18-CV-12069
                                 HONORABLE DENISE PAGE HOOD
v.                            CHIEF UNITED STATES DISTRICT JUDGE

SHANE JACKSON,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Dashawn Brantley, ("petitioner"), confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* petitioner challenges his plea-based convictions of armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony (felony firearm), § 750.227b. For the reasons stated below, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

1

## I. Background

Petitioner was convicted following the entry of a guilty plea in the Wayne County Circuit Court.

Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals when leave to appeal was denied "for lack of merit in the grounds presented." *People v. Brantley,* No. 342119, (Mich. Ct. App. Mar. 16, 2018). On May 14, 2018, petitioner signed and filed an application for leave to appeal with the Michigan Supreme Court which was rejected, because it was filed beyond the May 11, 2018 deadline, and therefore, was untimely. ECF 7-10, PageID.222.

On June 27, 2018, petitioner filed a petition for a writ of habeas corpus with this Court.[1]

Petitioner raises the following four grounds in seeking relief:

I. The trial court abused it's (sic) discretion in denying Mr. Brantley's motion to withdraw his plea.

II. Mr. Brantley should be allowed to withdraw his plea

---

[1] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). Because petitioner's habeas petition is signed and dated June 27, 2018, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

> because he is actually not guilty and was denied effective assistance of counsel at his plea proceeding[.]

III. The Michigan Court of Appeals denied appellant due process right to submit a standard four brief where the court entered its' order about ten (47) days after appellant's application for leave to appeal was filed.

IV. Defendant was denied effective assistance of counsel when trial counsel failed to object to defendant's arrest.

## II. Discussion

The instant petition must be dismissed because none of the claims have been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F.3d 718, 724 (6th Cir. 2005). Federal district courts must dismiss habeas petitions which contain unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v.*

*Lundy,* 455 U.S. 509, 510, 522 (1982)). It is the habeas petitioner who has the burden of proving that he has exhausted his state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

The instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to his claims. Petitioner, in fact, acknowledges in his petition that he did not properly exhaust any of his claims with the Michigan Supreme Court prior to seeking habeas relief.

Petitioner's first two claims were raised before the Michigan Court of Appeals on his direct appeal. Although petitioner attempted to raise these claims in his application for leave to appeal to the Michigan Supreme Court, that application was rejected for being untimely filed. Petitioner's third and fourth claims were not presented to the Michigan Court of Appeals. Petitioner may have attempted to raise them only for the first time in his application for leave to appeal before the Michigan Supreme Court.

A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F. Supp.2d 796, 800 (E.D. Mich. 2002). Because petitioner failed to raise his first two claims

4

before the Michigan Supreme Court in a timely manner as part of the direct appeal process, the claims are unexhausted. *See e.g. Rupert v. Berghuis*, 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008).

Petitioner's third and fourth claims are unexhausted for a second reason. Petitioner admits in his reply brief that he did not present these claims to the Michigan Court of Appeals or to the Michigan Supreme Court. Respondent, in the motion to dismiss, claims that petitioner raised these claims for the first time in his application for leave to appeal with the Michigan Supreme Court.

It is unnecessary to resolve this dispute. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Assuming that petitioner raised his third and fourth claims only for the first time to the Michigan Supreme Court, this would not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006).

Petitioner acknowledges that his claims are unexhausted but appears to argue that exhaustion should be excused because his appellate counsel

5

refused to raise some of the claims in his appellate brief or assist petitioner in raising the claims in a *pro per* supplemental brief.

There is an exception to the exhaustion requirement that exists if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). However, the mere fact that appellate counsel may have been ineffective in failing to raise petitioner's claims on his direct appeal or assist him with preparing a *pro per* supplemental brief would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust his claim or claims, as the Court will explain below. *See Gray v. Wingo,* 391 F.2d 268, 269 (6th Cir. 1967).

Petitioner has an available state court remedy with which to properly exhaust his claims. Petitioner can exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme

Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), a stay of the petition is unnecessary in this case.

The Michigan Court of Appeals affirmed petitioner's conviction on March 16, 2018. Petitioner's application for leave to appeal was rejected as untimely by the Michigan Supreme Court, because it was filed beyond the May 11, 2018 deadline.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. M.C.R. 7.305(C)(2)(a). The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 565 U.S. at 150.

Because petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on May 11, 2018, when the time for seeking leave to appeal with the Michigan Supreme Court expired. ECF 7-10, PageID.222. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

Petitioner filed the instant petition with this Court on June 27, 2018, after less than two months had elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust these claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. A stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

There is an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to

exhaust his state remedies. *Id.* The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date that the petition was filed, conditioned on the petitioner pursuing his state remedies within 30 days of the dismissal and returning to the federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for a writ of habeas corpus with this Court. This Court cannot conclude that petitioner's claims are plainly meritless; therefore, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.* The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from June 27, 2018, the date petitioner filed his petition, until petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below in Section IV of the opinion.

### III. Conclusion

The Court dismisses the petition for a writ of habeas corpus without

10

prejudice. The Court also denies petitioner a certificate of appealability. A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

11

whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV. ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from June 27, 2018, the date that

petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner returns to the federal court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

s/Denise Page Hood
HONORABLE DENISE PAGE HOOD
CHIEF UNITED STATES DISTRICT JUDGE

DATED:   April 30, 2019